**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In re:<br><br>JOHN RUSSEL ROBINSON,<br><br>　　　Debtor. | Case No.  05-15087-RGM<br>(Chapter 7) |
| GORDON P. PEYTON, TRUSTEE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>JOHN RUSSELL ROBINSON, *et al.,*<br><br>　　　Defendant. | Adv. Proc. No. 06-1004 |

### MEMORANDUM OPINION

The chapter 7 trustee filed a complaint seeking to sell the debtor's one-half interest in his former marital home which is jointly owned by the debtor and his former wife. Both the debtor and his former spouse, Karin Lee Math, oppose the relief sought. The debtor filed an answer; Math, a motion to dismiss for failure to state a claim upon which relief may be granted. This case is before the court on Math's motion to dismiss.[1] F.R.Bankr.P. 7012(b) which incorporates F.R.Civ.P. 12(b)(6).

The trustee alleges that Math and Robinson are co-owners of real property held by them as tenants in common by virtue of a Final Decree of Divorce which incorporated a Property Settlement

---

[1] The trustee suggests that Math's motion to dismiss be considered a motion for summary judgment because it presents matters outside the pleadings. Because Math has not filed an answer and the parties are not at issue, the court declines the invitation to do so and will not consider matters outside the pleadings.

1

Agreement between the parties.[2] Pursuant to the agreement, the debtor agreed to convey his interest in the property to Math but has not done so. Neither the decree nor any other order relating to the transfer of the real property was recorded in the land records of the county in which the real property is situate.[3]

Math's motion to dismiss asserts[4] that the trustee cannot sell the property because it is not property of the estate, that the Final Decree imposed a constructive trust on the property for her benefit, and that the trustee may not avoid the transfer from the debtor to her.[5]

The moving party has, under Rule 12(b)(6), the burden of proving that no claim has been stated. In *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) the Court of Appeals set out the purpose of Rule 12(b)(6) and the standard that the moving party must meet. It stated:

> The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual

---

[2] Both the decree and the agreement are attached to the complaint. The Property Settlement Agreement is dated August 17, 2000, and the Final Decree of Divorce was entered on November 14, 2000.

[3] The trustee makes further allegations that would entitle him to sell the property, but they are not in issue at this time.

[4] Math makes further assertions that are in the nature of defenses such as the estate would be unjustly enriched if her equitable interest in the property were sold. They do not advance her argument that the complaint fails to state a claim upon which relief may be granted and are not considered here.

[5] She states, "[W]hile the Divorce Decree was not recorded in the land records [of the county] where the Property is located, a review of the land records and the Court's records would have disclosed that the Property was titled as Tenants by the Entireties and there was no divorce action or decedent's estate matter in the county which would have allowed the Debtor to validly contract in his sole name to sell the Property. As a result, there was constructive knowledge of the need for further inquiry. Upon further inquiry, a prospective purchaser would have determined that Debtor no longer resided in the residence and the existence of the Final Decree awarding the Property to Ms. Robinson." Motion to Dismiss, ¶13. (Docket Entry 6).

> inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

*Edwards,* 178 F.3d at 243-244. *See also Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005).

The analysis of Math's motion to dismiss begins with the question of whether the debtor's one-half interest in the property is property of the estate. The trustee alleges that Math and the debtor are co-owners. If true, the debtor's one-half interest in the real property is property of the estate and the trustee, subject to the restrictions contained in §363(h) and (i), may sell the debtor's interest under §363(b) or the entire property under §363(h). The trustee makes this allegation which, absent other matters contained in the complaint, must be accepted as true for purposes of this motion and would defeat Math's motion.[6]

Math asserts that there are other matters in the complaint that must be considered, specifically the Final Decree of Divorce and the Property Settlement Agreement which were attached to the complaint as Exhibits 1 and 2, respectively.[7] She asserts that the Property Settlement Agreement imposed a constructive trust on the property thereby divesting the debtor of all of his equitable interest in the property, leaving him with only legal title. Only the legal title, not Math's equitable interest became property of the estate. Bankruptcy Code §541(d). If this is the case, the trustee would not have a complete one-half interest in the property. While the debtor's legal interest

---

[6] Even if the debtor and Math were married and held the property as tenants by the entirety, the trustee could proceed under the same Bankruptcy Code provisions unless the property were claimed exempt. *See Williams v. Peyton (In re Williams),* 104 F.3d 688 (4th Cir. 1997); *Sumy v. Schlosberg (In re Sumy),* 777 F.2d 921, 924-925 (4th Cir. 1985).

[7] F.R.Bankr.P. 7010 incorporates F.R.Civ.P. 10(c) which provides that "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

would be property of the estate, his equitable interest having been transferred by the creation of the constructive trust would not. The trustee seeks to sell a complete one-half interest in the property, both the legal and equitable interests. Thus, the second question to be analyzed is whether a constructive trust arose.

The Virginia Supreme Court stated, "Constructive trusts are those which the law creates, independently of the intention of the parties, to prevent fraud or injustice." *Leonard v. Counts,* 221 Va. 582, 588, 272 S.E.2d 190, 195 (1980). It continued, quoting Minor on Real Property:

> "Constructive trusts arise, independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has the legal estate, in order to prevent what otherwise would be a fraud. They occur not only where property has been acquired by a fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit." 1 Minor on Real Property §462 at 616 (2d ed. Ribble 1928).

There is no assertion in the complaint that the property was acquired by fraud or by improper means. In fact, it is quite reasonable to draw the inference that the property was fairly and properly obtained by the parties and that the parties fairly and properly entered into the Property Settlement Agreement and Final Decree of Divorce and have fairly and properly complied with it. This case must, then, fall under the second prong, that is, even though the property was fairly and properly acquired the Property Settlement Agreement and Final Decree of Divorce were fairly and properly entered into and, have to date been fairly and properly executed, that the debtor should not be permitted, in equity, to retain the property.

The fair inference from the complaint and attached exhibits is that the property was jointly acquired but has not yet been conveyed to Math. The mere fact that it has not yet been conveyed is not itself sufficient to create a constructive trust. The failure to convey must have been improper

or inequitable. The terms of the Property Settlement Agreement permit a further inference, favorable to the trustee, that the parties agreed that title to the property was not to be conveyed until a later date, an agreement that benefitted both of them.

This inference arises from the terms of the Property Settlement Agreement itself in examining the property to be divided between the parties and the spousal and child support obligations. It appears that the most significant assets of the marriage to be divided between the parties were the debtor's military pension and the house. The debtor, a retired Marine officer, received an annual pension of $24,265.00 in 1999, the year preceding the execution of the Property Settlement Agreement. In general and absent other considerations, if the parties were married during the entirety of the debtor's military career, the pension would be split evenly between the two, a qualified domestic relations order would be entered and each would be paid his or her one-half directly by the government. Here, however, the Property Settlement Agreement provided that Math would receive one-half the debtor's military pension as spousal support, but not less than $1,000 a month. There was no specific reference to a QDRO in either the Final Decree or the Property Settlement Agreement. There is no requirement that the debtor elect survivor benefits which would benefit Math if he were to predecease her.

Similarly, absent other considerations, the net equity in the house would be split in half. Either one would pay the other his or her equity and own the house or the house would be sold and the net equity evenly split between them. The house was agreed to be worth approximately $230,000.00 and subject to three trusts aggregating about $209,800.00. If it were sold at that time, it is unlikely that there would have been any significant net equity to split between the parties after deduction of the costs of sale. The parties agreed that Math would get the house. The debtor agreed

5

that he would make all payments due or to become due for repair, maintenance, insurance and financing for the house and indemnify and hold Math harmless. They agreed that the debtor would "maintain his name on the mortgages until such time as the Parties may agree otherwise." They agreed that the debtor was entitled to "any applicable deductions . . . for income tax purposes." This is principally the interest deduction for interest paid on the mortgages and real estate taxes paid to the county. Finally, they agreed "to execute appropriate title transfer documents as necessary to give effect to this provision."

While it is not possible to precisely determine the debtor's presumptive child support obligation under Va.Code (1950) §20-108.2 from the complaint and the Property Settlement Agreement without additional information, the amount agreed upon, $1,500.00 a month, is within the range expected from application of the statutory guidelines. There were six children, ages 8, 11, 14, 17, 21 and 27. The debtor's gross monthly income for purposes of determining child support was agreed to be $6,062.54 and Math's $1,261.04.

The terms of the Property Settlement Agreement stand out because they are not typical. The fair inference is that the Property Settlement Agreement was driven by the debtor's desire not to be permanently divested of his military pension and the desire to minimize the income tax consequences of the divorce. The apparent effect of the Property Settlement Agreement is to treat Math's one-half interest in the current retirement payments as spousal support and not as a division of property. The effect is that upon her remarriage, the payments cease and the debtor will receive the entire pension. If the pension had been divided between them, Math would have been entitled to receive her one-half without regard to her remarriage.

It appears that in consideration of Math giving up this valuable asset, her one-half interest in the debtor's military pension, the debtor agreed to pay-off the mortgages on the house, an obligation of about $209,800.00. The debtor would not be entitled to an income tax deduction if he simply paid Math $209,800 presently or over time. It is not spousal support. It is simply a division of property. However, if he remains liable on the mortgages and is a co-owner of the house, the interest on the mortgages is deductible by him on his income taxes. Thus, the provisions in the Property Settlement Agreement that he will remain liable on the mortgages and that he will be entitled to applicable income tax deductions when coupled with a delayed transfer of title operate to his benefit and, presumably, to Math's. The extent of the benefit is not material. What is material is that there was a conscious choice made not to immediately transfer title of the house. Had there been an immediate transfer, the debtor would have been divested of his interest in the house and would no longer have been entitled to deduct the interest paid on the mortgages or the real estate taxes paid to the county.

In making this choice, the parties should have recognized the possibility of events that could have an adverse impact on them. The deterioration of the debtor's financial situation was one of them. The occurrence of possible, but unanticipated, events is a risk that the parties took and is inconsistent with imposing a constructive trust when the intervening rights of third parties would be adversely affected. The consequences of their choice is unfortunate but do not call for the application of equitable principles that adversely affect third parties. The parties could have protected themselves. For their own reasons and their own benefit they chose not to do so. While as between themselves the debtor ought to perform his obligations, now that the expected benefits have disappeared the debtor and Math cannot avoid, as to third parties, the burdens of their mutual

choice. In short, as between themselves, Math had ample means to protect her interests. When the rights of third parties are involved, recourse to a constructive trust is inappropriate.

Even if there is a constructive trust, a bona fide purchaser for value without notice will take free from of the constructive trust. Va.Code §55-96. The trustee has all of the rights and powers of a bona fide purchaser without notice. Bankruptcy Code §544(a)(3). *See also In re Stuckey,* 126 B.R. 697 (Bankr.E.D.Va. 1990). Math asserts that the trustee has notice of the Property Settlement Agreement and the Final Decree. She asserts that any purchaser would recognize that the debtor held the property with her as tenants by the entirety and that as one tenant by the entirety, he could not convey any interest without her joining in the deed. If the debtor asserted that he was divorced and was a tenant in common, then the purchaser should insist on seeing the final decree of divorce which would in this case refer to the Property Settlement Agreement which in turn would reveal the debtor's obligation to convey.

This argument must fail at this time because neither the decree nor the agreement were recorded in the land records of the county in which the property is situate. Recordation is the predicate for notice of such an agreement. Math's argument is fully addressed by the District Court in *Philips v. Chandler,* 215 B.R. 684 (E.D.Va. 1997). The reasoning of the District Court need not be repeated here. A brief synopsis is sufficient. Va.Code §55-96 modifies the common law and thereby protects bona fide purchasers. *Barnes v. American Fertilizer Co.,* 144 Va. 692, 130 S.E. 902 (1925) showed a lacuna in Va.Code §55-96, that is, unrecorded contracts for the transfer of real property embodied in divorce decrees were not within the recording statute. The General Assembly

closed that gap as to domestic relations decrees by the enactment of Va.Code §20-107.3(C).[8] Thus, bona fide purchasers for value without notice are protected against transfers embodied in unrecorded domestic relations order.

Math's argument effectively renders Va.Code (1950) §20-107.3(C) nugatory. If this tenants by the entirety deed is sufficient to cause a prospective purchaser to undertake a search for information in a circuit court in another county, all tenants by the entirety deeds would require the same investigation. At that point, Va.Code (1950) §20-107.3(C) would be rendered meaningless.

At this stage of the proceedings, the court is called upon to only determine whether, accepting all well-pleaded allegations and drawing all reasonable factual inferences in favor of the trustee, the trustee's complaint states a claim upon which relief may be granted. It is not called upon to resolve conflicting allegations or go beyond the complaint. For example, there may be alternative interpretations of the Property Settlement Agreement. The court does not know how the debtor and Math treated the various payments for income tax purposes. The court does not know how the parties operated under the agreement for the five years between signing it and the filing of the petition in this case. However, the allegations made by the trustee are assumed to be true and he is

---

[8]Va.Code §20-107.3(C) provides:

As a means of dividing or transferring the jointly owned marital property, the court may transfer or order the transfer of real or personal property or any interest therein to one of the parties, permit either party to purchase the interest of the other and direct the allocation of the proceeds, provided the party purchasing the interest of the other agrees to assume any indebtedness secured by the property, or order its sale by private sale by the parties, through such agent as the court shall direct, or by public sale as the court shall direct without the necessity for partition. All decrees entered prior to July 1, 1991, which are final and not subject to further proceedings on appeal as of that date, which divide or transfer or order the division or transfer of property directly between the parties are hereby validated and deemed self-executing. All orders or decrees which divide or transfer or order division or transfer of real property between the parties shall be recorded and indexed in the names of the parties in the appropriate grantor and grantee indexes in the land records in the clerk's office of the circuit court of the county or city in which the property is located.

entitled to all the favorable inferences that can be drawn from them. Those facts and inferences state

a claim upon which relief, the sale of the house, may be granted.

    Alexandria, Virginia
    April 14, 2006

                                                  /s/ Robert G. Mayer
                                                  Robert G. Mayer
                                                  United States Bankruptcy Judge

copies to:

Robert M. Gants
Nancy D. Greene
Alan Rosenblum

12854